IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BETTY J. BROWN, | ) | |
| | ) | Case No. _____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| ABM INDUSTRIES, INC., ABM SECURITY SERVICES, INC., SECURITY SERVICES OF AMERICA, L.L.C., SSA SECURITY, INC., SILVERHAWK SECURITY SPECIALISTS, INC., any and all d/b/a SILVERHAWK SECURITY SPECIALISTS, LAVERN THOMASON, ROGER BENSON, and BRENDA THOMPAS, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff, and for her cause of action against the Defendants, hereby states and alleges as follows:

**Parties**

1.  Betty J. Brown is a resident of Grand Island, Hall County, Nebraska.

2.  Defendant ABM Industries, Inc. is a Delaware corporation. Defendant ABM Security Services, Inc. is a California corporation. Defendant Security Services of America is a North Carolina limited liability company. Defendant SSA Security, Inc. is a North Carolina corporation. Defendant Silverhawk Security Specialists, Inc. is a Nebraska corporation, with its principal office at 6121 S. 58th St., Ste. C, Lincoln, Nebraska. All of the above Defendants do business as and are known by the trade name of Silverhawk Security (all Defendants referenced in Paragraph 2 are hereinafter collectively referred to as "Silverhawk Security")

3. Defendant Lavern Thomason is a resident of Grand Island, Hall County, Nebraska. At all relevant times, Defendant Thomason was an employee of Silverhawk Security. Defendant Thomason exercised control over the terms and conditions of Plaintiff's employment.

4. Defendant Roger Benson is a resident of Grand Island, Hall County, Nebraska. At all relevant times, Defendant Benson was an employee of Silverhawk Security.

5. Defendant Brenda Thompas is a resident of Grand Island, Hall County, Nebraska. At all relevant times, Defendant Thompas was an employee of Silverhawk Security.

6. Silverhawk Security is liable for all actions of their employees, managers, and supervisors under the doctrine of respondeat superior. The conduct of these employees, managers, and supervisors was implicitly ratified by the Defendant Silverhawk Security and involved sexual harassment and other wrongful conduct causes of action as set out herein.

## Jurisdiction and Venue

7. Plaintiff's causes of action are based on sexual harassment, the creation of a hostile work environment, and retaliation in her employment with Silverhawk Security in violation of Title VII of the Civil Rights Act of 1864, as amended.

8. This Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. §1331.

9. Plaintiff also asserts state law causes of action. This Court has supplemental jurisdiction over Plaintiff's state law claims which arise out of the same core of operative facts pursuant to 28 U.S.C. § 1367(a).

10. All of the claims arose in Hall County, Nebraska and Silverhawk Security was doing business in such county. Hall County is located within the State of Nebraska, therefore, venue is proper under 28 U.S.C. 1391(b).

11. Plaintiff has exhausted her administrative remedies by timely filing a Charge of Discrimination with the Nebraska Equal Opportunity Commission. She received a right to sue letter from the NEOC dated October 23, 2008. This case is timely filed within ninety (90) days after Plaintiff's receipt of her right to sue letter.

## Statement of Facts

12. Plaintiff (who is female) was an employee of Silverhawk Security until on or about November 2006. During her employment she worked primarily in the position of guard at the JBS Swift plant in Grand Island, Hall County, Nebraska.

13. From on or about October 2005 through November 2006, when she was forced to terminate her employment, Plaintiff was sexually harassed by Defendant Benson under circumstances which should have alerted Silverhawk Security to the conduct.

14. From on or about October 2005 through November 2006, Defendant Benson continued to sexually and verbally harass the Plaintiff.

15. Throughout her entire employment, Plaintiff was continuously, purposefully, and intentionally harassed by Defendant Benson. The incidents, which are too numerous to detail fully, include, but are not limited to the following:

  a. Beginning in October 2005 and continuing through her employment, Plaintiff was constantly subjected to sexually suggestive and demeaning comments by Defendant Benson; and

  b. Beginning in September 2006 and continuing through her employment, Plaintiff was constantly subjected to sexual touching by Defendant Benson.

  16. During Plaintiff's employment with Silverhawk Security, Silverhawk Security engaged and continue to engage in a pattern and practice of tolerating and encouraging the existence of an extremely hostile work environment in which female employees, including Plaintiff herein, were subjected to severe and prolonged sexual harassment in the form of:

  a. Sexually offensive remarks directed to female employees by male employees and male truck drivers of other companies who used the facilities;

  b. Requests and demands for sexual favors and other sexually suggestive comments by male employees and male truck drivers of other companies who used the facilities;

  c. Uninvited and unwanted physical contact by male employees and male truck drivers of other companies who used the facilities;

  d. The failure of male employees and truck drivers to cease and desist from such offensive conduct when female employees objected to the same;

  e. The complete lack of any timely corrective action on the part of Silverhawk Security, including the failure to discipline male employees who had been

specifically identified as having committed such act, after such offensive conduct was brought to the attention of Silverhawk Security's management; and

f. Other aspects not yet ascertainable.

17. Plaintiff continuously told Defendant Benson, and other supervisors of Silverhawk Security, that the above comments and conduct were offensive.

18. Plaintiff told Defendant Benson that his behavior was degrading and disgusting and told him that she wanted his unwelcomed behavior, comments, and actions to cease immediately.

19. Silverhawk Security was well aware of the harm that sexually harassing behavior towards women would have on the female employees and specifically, Plaintiff, yet failed to provide a workplace where Plaintiff was free from such conduct.

20. A reasonable person in Plaintiff's position, and suffering what Plaintiff did, would have had no choice but to resign.

21. Plaintiff believes that other females have been sexually harassed.

**First Cause of Action – Violation of Title VII of the Civil Rights Act**

Plaintiff hereby incorporates paragraphs 1 through 21 of this Complaint.

22. Based on the foregoing, Silverhawk Security has engaged in unlawful practices in violation of Title VII of the Civil Rights Act of 1964, as amended.

23. The said unlawful practices for which Silverhawk Security is liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive working environment, subjecting her to more onerous working conditions and treating Plaintiff in a disparate manner.

24. Silverhawk Security was negligent in:

      a.    Failure to implement an effective, well-known, and uniformly enforced policy against discrimination;

      b.    Failure to properly investigate Plaintiff's complaints of discrimination;

      c.    Failure to take timely action reasonably calculated to remedy Plaintiff's complaints of discrimination;

      d.    Failure to impose timely discipline upon its employees who had engaged in discrimination;

      e.    Failure to take reasonable actions to discover illegal discrimination by its employees; and

      f.    Failure to take reasonable action to prevent illegal discrimination from taking place.

25.    The conduct of Silverhawk Security, and their employees was and is so pervasive that it is the regular, rather than the unusual, practice at Silverhawk Security. It was and is sufficiently pervasive and severe so as to alter the terms, conditions, and privileges of employment by converting Silverhawk Security's workplace into a hostile, offensive, and abusive environment. Moreover, such conduct is based on gender as all such occurrences have involved female employees, including Plaintiff herein, being harassed by male supervisors.

26.    Silverhawk Security's failure to take any remedial action to combat discrimination and harassment in its workplace is particularly egregious in that the existence of the hostile, offensive, and abusive work environment has been brought to the attention of supervisors and managers of Silverhawk Security, including, but not

limited to, Lavern Thomason, Tia Franzen, and Joanne Kleier on numerous occasions. Silverhawk Security's management further set the tone for the prevailing attitude of hostility toward and the discrimination of female employees as it has often been male supervisors who have witnessed and/or participated in such behavior and allowed it to continue. Therefore, it is impossible for Silverhawk Security not to have known of the sexual harassment of its female employees.

27. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress, and other equitable and compensatory damages allowed by the Civil Rights Act of 1964.

28. Because the actions of Silverhawk Security were willful, wanton, or at the very least, in reckless disregard of the Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1964.

**Second Cause of Action – Violation of Nebraska Fair Employment Act**

Plaintiff hereby incorporates paragraphs 1 through 28 of this Complaint.

29. The State of Nebraska prohibits sexual discrimination in employment.

30. Plaintiff was discriminated against and harassed in her workplace in violation of Neb. Rev. Stat. § 48-1101, *et seq.*

31. Plaintiff suffered disparate treatment and was compelled to work in a hostile environment as a result of violations of this statutory provision.

32. Silverhawk Security is not a religious corporation, association, or society.

33. Ms. Brown was not employed by a parent, grandparent, spouse, child, or grandchild or was not in the domestic service of any person during her employment with Silverhawk Security.

### Third Cause of Action – Infliction of Emotional Distress

Plaintiff hereby incorporates paragraphs 1 through 33 of this Complaint.

34.As a direct and proximate result of the actions alleged herein by these Defendants, Plaintiff has suffered intentional and/or negligent infliction of emotional distress.

35.The aforementioned acts were done willfully, maliciously, outrageously, deliberately, and purposefully with the intent to inflict emotional distress upon Plaintiff and/or were done in reckless disregard of the probability of causing Plaintiff emotional distress and these acts did in fact result in extreme emotional distress.

36.Defendants knew or should have known the actions taken and alleged herein would cause emotional distress.

37.Any reasonable person would know the actions and conduct alleged herein would cause emotional distress to another.

38.Defendants had a duty to refrain from such actions or to stop such actions and failed to do so causing harm to Plaintiff.

### Fourth Cause of Action – Negligent Supervision and Training

Plaintiff hereby incorporates paragraphs 1 through 38 of this Complaint.

39.Silverhawk Security was negligent in training, managing, and supervising their employees.

40.Silverhawk Security was aware or should have been aware of the actions of their employees and its reputation for such actions.

41.     Had Silverhawk Security and Thomason, as managers and supervisors taken corrective action in a timely and reasonable fashion, Plaintiff would have never been subjected to the wrongful conduct alleged herein.

### Fifth Cause of Action – Assault

Plaintiff hereby incorporates paragraphs 1 through 41 of this Complaint.

42.     This cause of action is asserted against Defendants Roger Benson, Brenda Thompas, and Lavern Thomason.

43.     The above-described acts constitute assault in violation of Nebraska state law.

44.     The damages for this cause of action include all damages aforementioned.

### Sixth Cause of Action – Battery

Plaintiff hereby incorporates paragraphs 1 through 44 of this Complaint.

45.     This cause of action is asserted against Defendant Benson.

46.     The above-described acts constitute battery in violation of Nebraska state law.

47.     The damages for this cause of action include all damages aforementioned.

### Seventh Cause of Action – Defamation

Plaintiff hereby incorporates paragraphs 1 through 47 of this Complaint.

48.     The cause of action is asserted against Defendant Benson.

49.     During the course and scope of her employment Defendant Benson made several defamatory statements about Plaintiff, including, but not limited to:

      a.      Plaintiff was prostituting herself to the male truck drivers; and

      b.      Defendant Benson was her pimp.

50. During the course and scope of her employment Defendant Benson made several defamatory statements through dramatic pantomime about Plaintiff, including but not limited to, pretending to zip up his zipper after coming out of a room with her.

51. Defendant Benson made these statements throughout the time that Plaintiff was employed by Silverhawk Security.

52. The above-mentioned false and defamatory statements were made by Defendant Benson in reckless disregard of the truth and impute not only the criminal offense of prostitution, but moral turpitude and misconduct in Plaintiff's profession as a guard. As such, said statements constitute "defamation per se."

53. The consequences of Defendant's actions maliciously, negligently, and inexcusably exposed Plaintiff to contempt and ridicule, and impeached Plaintiff's integrity, virtue and reputation as a person and guard.

54. As a direct and proximate result of Defendant's actions, Plaintiff suffered substantial damages including, but not limited to, loss of good will and damage to her reputation as a person and guard.

## Demand for Jury

55. Plaintiff hereby demands a trial by jury in the above-captioned matter.

## Prayer for Relief

56. Special Damages: past and future wages, past and future loss of earning capacity, past and future loss of benefits of employment, medical benefits, medical expense, and other compensatory and wage damages as proven at trial

57.   General Damages:  emotional distress, anxiety, psychological impairment, loss of enjoyment of life, discrimination, humiliation, and other general damages.

58.   Punitive Damages:  punitive damages should be assessed against Defendant Silverhawk Security only in amounts determined appropriate at trial.

59.   Attorney's Fees and Costs:  All reasonable attorney's fees, including contingent attorney's fees, and all costs should be awarded as additional judgment against Defendants.

60.   Other relief:  The Court should award other such relief as deemed appropriate, equitable, or just, including interest on any judgment at the highest legal rate.

BETTY J. BROWN, Plaintiff

BY   LEININGER, SMITH, JOHNSON,
     BAACK, PLACZEK & ALLEN
     104 N. Wheeler
     P.O. Box 790
     Grand Island, NE  68802-0790
     Telephone:  (308) 382-1930

By   /s/ Tanya J. Janulewicz, #23306

2866-1/206848